**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

DAVID T. CLENNEY,                    *
                                     *
              Plaintiff,             *
                                     *
v.                                   *
                                     *    CIVIL NO. PJM 05-3446
                                     *
CORPORAL C.A. EWING, JOHN DOE        *
(Ewing's Supervisor), and UNKNOWN    *
OFFICERS,                            *
                                     *
              Defendants.            *

**<u>MEMORANDUM OPINION</u>**

David T. Clenney *pro se* has sued certain Maryland State Troopers, known and unknown,

"for Compensatory and Punitive Damages Arising From (1) Violation of Plaintiff's

Constitutional Rights Under the Fourth, Fifth and Fourteenth Amendments, (2) Violation of

Plaintiff's Civil Rights and (3) Conspiracy to Violate Plaintiff's Civil Rights." Defendants have

filed a Motion to Strike, or, in the Alternative, for More Definite Statement. For the reasons set

forth below, the Court DENIES the Motion.

**I.**

Clenney alleges that Defendants entered the home of a third party, Carol Henderson, in

the early morning hours of April 25, 2002 to search for and arrest him. He alleges that the

officers entered the house through an unlocked side door, though they had neither a search

warrant nor an arrest warrant. He contends that he suffered great distress and financial loss as a

result of this action. He seeks $1.3 million in compensatory damages and $1 million in punitive

damages from Corporal Ewing, and $100,000 in compensatory damages and $15,000 in punitive damages from each of the other parties.

Pursuant to Federal Rule of Civil Procedure 12(e),[1] Defendants contend that Clenney's complaint "is so vague that [they] cannot reasonably be required to frame a responsive pleading." Pursuant to Rule 12(f),[2] they assert that the Complaint "impermissibly contains argument and statements of law." They also contend that Clenney's complaint contains neither "a short and plain statement of the grounds upon which the court's jurisdiction depends" nor "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a).

## II.

The Court agrees that the Complaint fails to follow the usual format for complaints in federal courts. It does not contain separately numbered causes of action. It also contains two sections, "Matters of Law" and "Argument(s)," consisting almost entirely of quotations from notable cases, which do nothing to improve the Complaint. Nonetheless, the pleadings of *pro se* litigants are accorded liberal construction. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1872). "[A] complaint meets Rule 8's requirements if, in light of the nature of the action, the complaint sufficiently alleges each element of the cause of action so as

---

[1] "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just." FED. R. CIV. P. 12(e).

[2] "Upon motion made by a party before responding to a pleading . . . the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f).

to inform the opposing party of the claim and its general basis." *Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 348 (4th Cir. 2005). To establish a cause of action under 42 U.S.C. §1983,[3] Clenney need only allege that Defendants deprived him of rights secured by the United States Constitution under the color of state law. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970). Despite his failure to follow the usual format for Complaints, Clenney has met this initial burden. In the section of the Complaint entitled "Statement of Facts," Clenney clearly alleges an illegal search and arrest conducted by officers acting in their official capacity. He also correctly identifies 28 U.S.C. §1331 as the source of the Court's jurisdiction over his case. In sum, it cannot be said that Defendants have been denied fair notice.

## III.

For the foregoing reasons, the Court DENIES Defendants' Motion to Strike, or, in the Alternative, for More Definite Statement. Defendants shall have twenty (20) days to file an appropriate response to the Complaint.

A separate Order will ISSUE.


August 2, 2006                                        /s/
                                        PETER J. MESSITTE
                                        UNITED STATES DISTRICT JUDGE

---

[3] "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia." 42 U.S.C. § 1983.