IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DAVID T. CLENNEY, | * |
| Plaintiff | * |
| v. | *  CIVIL NO. PJM 05-CV-3446 |
| CORPORAL C.A. EWING, | * |
| Defendant | * |

\* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

*Pro Se* Plaintiff David T. Clenney has sued Maryland State Trooper Corporal C.A. Ewing "for Compensatory and Punitive Damages Arising From (1) Violation of Plaintiff's Constitutional Rights Under the Fourth, Fifth, and Fourteenth Amendments, (2) Violation of Plaintiff's Civil Rights and (3) Conspiracy to Violate Plaintiff's Civil Rights."[1]

The parties have filed cross-Motions for Summary Judgment.[2] Having determined that oral argument would not assist in the resolution of this matter, the Court is prepared to rule on the pleadings. *See* Local R. 105.6 (D. Md. 1999). For the reasons set forth below, the Court

---

[1] Clenney originally filed his complaint against "Corporal C.A. Ewing, John Doe (Ewing's Supervisor), [and] Unnamed Unknown Officers." After receiving Ewing's initial disclosures, including a list of individuals who participated in the events that gave rise to this action, Clenney failed to amend his Complaint to add further defendants. Accordingly, this action proceeds against Ewing only. Even if he had named additional defendants, the outcome of this case would remain the same because of Clenny's failure to timely file as discussed below.

[2] Clenny titles his Motion "Motion for Judgment as a Matter of Law Pursuant to Rule 50," but Fed. R. Civ. P. 50 pertains to judgment as a matter of law during a jury trial. However, Clenney appears to have intended to file a Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56, as manifested by his request that the Court deem the arrest and search "unlawful as a matter of law because there can be no other decision." In addition, the certificate of service attached to the Motion indicates that he mailed "the foregoing Motion for Summary Judgment" to defendant and his counsel. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) ("The pleadings of *pro se* litigants are accorded liberal construction."); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Accordingly, the Court CONSTRUES Clenny's "Motion for Judgment as a Matter of Law Pursuant to Rule 50" as a Motion for Summary Judgment..

DENIES Plaintiff David T. Clenney's Motion for Summary Judgment and GRANTS Corporal C.A. Ewing's Motion for Summary Judgment.

I.

On April 21, 2002, Corporal Ewing received an anonymous telephone call while working as the Duty Officer at the Maryland State Police Barrack in Leonardtown, St. Mary's County. The caller stated that she had information about a fugitive from Virginia who was currently committing crimes in Maryland. She identified the fugitive as Clenney, who she said was living at his sister's house on Golden Beach Road in Charlotte Hall, Maryland. She further provided the Virginia license plate number on Clenney's van and the telephone number at his sister's house.

Over the next few days, Corporal Ewing verified the information given by the caller. A National Crime Information Center check revealed Clenny's outstanding Virginia felony warrants for auto theft, credit card theft, credit card forgery, and identity theft. Reports filed with the St. Mary's County Sheriff's Department also revealed that on April 9, 2002, a female complainant told police that a white male named David, matching the description of Clenney, had stolen a Porsche. Like the anonymous caller, she provided the Virginia plate number on Clenney's van. Telephone records kept by the St. Mary's Emergency Control Center and address records at the Charlotte Hall post office confirmed that Clenney's sister owned a house at 37954 Golden Beach Road. Additionally, Maryland Motor Vehicle Administration records revealed that Clenney driver's license listed the same address.

Against this background, at approximately 6:00 a.m. on April 25, 2002, Corporal Ewing and other officers arrested Clenney at his sister's house on the outstanding Virginia warrants. It is unclear from the papers submitted to the Court whether the officers conducted a search at this

2

time or merely took note of items within plain view.  Nonetheless, after being advised of and waiving his *Miranda* rights, Clenny admitted to stealing certain items found at his sister's house, including a Porsche 911.  A search warrant was issued and the stolen items were seized that evening.  Soon thereafter, Clenney was extradited to Virginia and convicted of various crimes, including grand larceny, identity fraud, and theft.

While incarcerated, Clenney filed the instant action arising out of his arrest.  In a Memorandum Opinion dated August 2, 2006, the Court construed the Complaint as alleging claims under 42 U.S.C. § 1983.    Clenney argues that his arrest and the subsequent search of his sister's house violated the Fourth Amendment as a matter of law.  In his own Motion for Summary Judgment, Ewing counters that Clenney's claim is time-barred, and that in any event the arrest and search were lawful.

II.

A party is entitled to summary judgment if the record "show[s] that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  The moving party bears the responsibility of demonstrating to the court "the basis of its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (*quoting* Fed. R. Civ. P. 56©).

III.

Clenney's Motion, which consists almost entirely of quotations from cases concerning protections afforded by the Fourth Amendment with respect to the privacy of people in

their homes, is devoid of both argument and evidence. His bare assertion that § 1983 violations occurred, accompanied by citations to court cases, in no way supports summary judgment in his favor. Accordingly, Clenney's Motion is DENIED.

IV.

Ewing argues that summary judgment should be granted in his favor for two reasons. First, he says Clenney's claim was not timely filed, and thus is barred by the statute of limitations. Second, the search and arrest were lawful because they were based on valid warrants and Ewing had a reasonable belief that Clenney resided at his sister's house and was within the residence at the time of the police entry. The Court agrees that Clenny's claim is in fact time barred and so lacks jurisdiction to consider the merits of the case.

Section 1983 "provides a federal cause of action, but in several respects . . . federal law looks to the law of the State in which the cause of action arose. This is so for the length of the statute of limitations: It is that which the State provides for personal-injury torts." *Wallace v. Kato*, 127 S. Ct. 1091, 1094 (2007). In Maryland, "a civil action at law shall be filed within three years from the date it accrues." Md. Code Ann., Cts. & Jud. Proc. § 5-101. However, "the accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law." *Wallace*, 127 S. Ct. at 1095 (emphasis in original). For § 1983 claims where an allegedly unconstitutional arrest is followed by criminal proceedings, accrual occurs "at the time the claimant becomes detained pursuant to legal process." *Id.* at 1100.

4

In the case at bar, Clenney's claim began to accrue on April 25, 2002, the date of his arrest and subsequent detention.[3] As such, the three year statute of limitations for this action expired well before December 27, 2005, the date Clenny filed his Complaint. Accordingly, the Court lacks authority over his claims and they must be dismissed.

V.

For the foregoing reasons, Clenney's Motion for Summary Judgment is DENIED and Ewing's Motion for Summary Judgment is GRANTED. A separate order WILL ISSUE.

Date: April 24th, 2007

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

---

[3] In his Response to Ewing's Motion for Summary Judgment Clenny attempts to circumvent the statute of limitations by asserting that his claim accrued on October 29, 2004, the date he was arrested on a Maryland warrant for theft of the items recovered from his sister's house on April 25, 2002. Clenney's Complaint, however, asserts that his illegal arrest occurred on April 25, 2002, not on October 29, 2004. It is the initial detention that started the clock; a later arrest did not reset it.